WESTERN DIST.
October, 1840.

TAYLOR ET AL. *vs.* CRAIN'S ADMINISTRATOR.

TAYLOR ET AL.
*vs.*
CRAIN'S ADMINI-
STRATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF RAPIDES, JUDGE
WATERS PRESIDING.

Where the demand exceeds five hundred dollars for work and labor done and materials furnished in repairing houses, there must be a registry of some act or written agreement, in order to give a privilege on the property or its proceeds in the hands of the administrator.

Two requisites are indispensable, as between the employer and undertaker, for the very creation of a privilege, which are, that the agreement must be in writing and registered in the office of the register of mortgages.

The *price* of property subject to a privilege, sold before the decease of the owner, when collected by his administrator, is free of the privilege, and must be distributed among the ordinary creditors.

Privileged claims for work and materials on a house are prescribed by the lapse of six months, if they are under five hundred dollars.

This is an opposition to a tableau of distribution of the funds and effects of the estate of William T. Crain, deceased, filed by his administrator.

The opponents are workmen and claim a privilege on the balance of the price of a house, in the hands of the administrator, for work and labor done and materials furnished, as far back as 1835. The record shows that Crain sold the house before his death, and this privileged claim is now set up against the balance of the price, of about one thousand nine hundred and fifty dollars, yet remaining, and making part of the assets of his estate. The administrator placed the opponents on the tableau, as ordinary creditors. The evidence of their claim is simply an account filed and proof of having performed the work. There is no contract or agreement between the original parties in writing and registered.

The opponents set up an additional demand of seventy-five dollars, making their entire claim nine hundred and seven dollars, for work and materials furnished another house of the deceased, which was sold at the probate sale of his estate.

There was judgment recognizing the plaintiffs as ordinary creditors for the amount of their claim, and ordering them to be placed on the tableau as such, and they appealed.

WESTERN DIST.
October, 1840.

TAYLOR ET AL.
vs.
CRAIN'S ADMINI-
STRATOR.

*Brewer* and *Dunbar*, for the appellants, insisted that the opponents had a privilege on the price for which the deceased debtor sold the house, when that price was in the hands of his administrator as assets of his estate. *Louisiana Code,* 2743.

*Brent,* for defendant.   The law requires that every agreement or contract for work or other object, which exceeds five hundred dollars, must be made in writing and recorded, to give a privilege on the property or its proceeds.   In this case there is no written agreement, and consequently no privileges can attach to the property or its proceeds.   Besides the principal part of this claim is for work done and materials furnished a house, which was sold by Crain in his lifetime, and the privilege is claimed on the proceeds or balance of the price.   There is no privilege existing, and the judgment of the probate court should be affirmed.   *Louisiana Code,* 3239, 2746, 2747.   6 *Martin, N. S.,* 689.   11 *Martin,* 438.

2. The Administrator represents all the creditors, and the estate is insolvent, and administered as such the rights of third persons are to be considered.   The opponents cannot, even if they had a privilege against the property while in the hands of Crain, assert it against his creditors.

3. As furnishers of materials the plaintiffs have no privilege, because none is given them by law.   Their privilege is included in that of the undertaker.   6 *Martin, N. S.,* 169.

*Dunbar,* in reply, said this case presents a question not yet decided: Whether for work and labor done by an undertaker for a sum exceeding five hundred dollars, and the contract or agreement not in writing or recorded, the workman is entitled to a privilege?   As between the workmen and employer they would certainly have a privilege; and their case cannot be altered by the death of the latter.   Recording only has effect against third persons from the time of recording. See *Louisiana Code, article* 3241.

TAYLOR ET AL.
*vs.*
CRAIN'S ADMINI-
STRATOR.

Where the demand exceeds five hundred dollars for work and labor done and materials furnished in repairing houses, there must be a registry of some act or written agreement, in order to give a privilege on the property or its proceeds in the hands of the administrator.

Two requisites are indispensable, as between the employer and undertaker, for the very creation of a privilege, which are, that the agreement must be in writing and registered in the office of the register of mortgages.

*Morphy, J.*, delivered the opinion of the court.

The plaintiffs and appellants complain that the judge *a quo* refused to place them as privileged creditors, for nine hundred and seven dollars, on a tableau of distribution filed by defendant, as administrator of the estate of William T. Crain ; their claim being for work and labor done and materials furnished in repairing two houses of the deceased. We think the judge did not err. They show themselves, in their opposition, that no registry was made of any act or written agreement in relation to their bargain or undertaking. Whatever may have been the former dicisions of this court, when there is no written agreement or registry shown to have been made, there can be no difficulty or doubt on the subject since the promulgation of the *Louisiana Code*. It provides expressly " that no agreement or undertaking for work exceeding five hundred dollars, which has not been reduced to writing and registered with the recorder of mortgages, shall enjoy the privilege above granted, i. e. the privilege of undertakers, &c." It is clear then that, under this provision, when the work exceeds five hundred dollars, two requisites are indispensably necessary for the very creation of the privilege itself, even between the employer and the undertaker. The agreement must be reduced to writing, and it must be registered in the office of the register of mortgages. If the act is recorded within six days from its date, when it has been passed in the place where the registry of mortgages is kept, or adding one day more for every two leagues from the place where the act was passed, to that where the register's office is kept, the privilege is valid against third persons, even from the date of the act, and confers a preference over creditors who have recorded mortgages before the date of its registry ; but if not recorded within the above specified time, the privilege degenerates into an ordinary mortgage, and will be good against third persons only from the time of its being recorded. *Louisiana Code*, 3240–41. Thus it is seen from these two provisions, when considered in reference to each other, that they do not authorize the inference which the plaintiffs' counsel has attempted to draw from the rather

WESTERN DIST.
October, 1840.

TAYLOR ET AL.
vs.
CRAIN'S ADMINI-
STRATOR.

obscure wording of *article* 3241, to wit : " That the neglect of recording the privilege can be taken advantage of only by the mortgage creditors." It clearly appears, on the contrary, from the above provisions of law, that the plaintiffs have not taken the necessary steps to secure to themselves a privilege against their employer ; and still less against the creditors of the estate, who must be viewed in the light of third persons. But even had the plaintiffs brought themselves strictly within the provisions of the law, the record discloses a circumstance which we apprehend must be equally fatal to their pretensions ; one of the houses on which they have done repairs to the amount of eight hundred and sixty-one dollars and thirty-one cents, appears, from their own showing, to have been sold by the disceased some time before his death, to James A. Thom and Robert W. Dawson. The funds on which plaintiffs are endeavoring to enforce their lien, do not proceed from a sale made by the administrator of property belonging to the estate, and it is on these alone, that the creditors can exercise the rights and privileges which they had on the property left by the deceased. When a judicial sale is made of property subject to privileges or mortgages, it passes free of any incumbrance into the possession of the purchaser ; and the proceeds remain in the hands of the curator or administrator, subject to the rights which the creditors had on the property itself. In this case, had the plaintiffs' privilege ever existed, it must have continued to exist on the property in the hands of the vendees, and any balance of price paid to the administrator must be distributed among the ordinary creditors of the estate.

> The *price* of property subject to a privilege, sold before the decease of the owner, when collected by his administrator, is free of the privilege, and must be distributed among the ordinary creditors.
>
> Privileged claims for work and materials on a house are prescribed by the lapse of six months, if they are under five hundred dollars.

But the appellants have contended that their account being for materials furnished, and for work and labor done, they should be permitted to claim separately each amount, and that, each being under five hundred dollars, the formalities of an act and its registery were unnecessary. This would not better the situation of plaintiffs, for both claims being under five hundred dollars, they would then be barred by the prescription of six months, established by *article* 2747 of the *Louisiana Code*, which must be reckoned from the day

WESTERN DIST.
October, 1840.

when the work was completed, and the record shows that the claim was set up two years after the work was done.

It is, therefore, ordered, that the judgment of the Court of Probates be affirmed, with costs.